IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CEDRIC GREENE,                )
                              )
           Plaintiff,         )
                              )
vs.                           )   Case No. 18-1005-EFM-KGG
                              )
SPRINT NEXTEL CORP.,          )
                              )
           Defendant.         )
_____)

**MEMORANDUM & ORDER ON
MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND
REPORT & RECOMMENDATION FOR DISMISSAL**

In conjunction with his federal court Complaint (Doc. 1), Plaintiff Cedric Greene has also filed a short form Application to Proceed Without Prepaying Fees or Costs ("*IFP* application," Doc. 3, sealed). After review of Plaintiff's motion, as well as the Complaint, the Court **GRANTS** the *IFP* application but **recommends** Plaintiff's claims be dismissed for failure to state a viable federal cause of action.

**A.    Motion to Proceed *IFP*.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'" ***Barnett v. Northwest School***, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting ***White v.***

*Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny *in forma pauperis* status lies within the sound discretion of the court.  *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See* *Patillo v. N. Am. Van Lines, Inc*., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he is "not employed due to medical reasons." (Doc. 3, sealed, at 1.)  He indicates he "obtains assistance within the SSI program." (*Id.*)  Plaintiff apparently owns no real property and does not own an automobile. (*Id.*, at 2.)  Plaintiff lists no cash on hand. (*Id.*)  He pays a modest monthly amount for housing through a government program and receives government assistance for transportation and utilities. (*Id.*)  He indicates that his other monthly expenses "varies." (*Id.*)

Considering all of the information contained in his financial affidavit, the Court finds that Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

**B.     Sufficiency of Complaint and Recommendation for Dismissal.**

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests." ***Mitchell v. Deseret Health Care Facility***, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." ***Harris v. Campbell***, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. ***Hall v. Bellmon***, 935 F.2d 1106, 1108 (10th Cir. 1991).

3

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss.  *See **Kay v. Bemis***, 500 F.3d 1214, 1217-18 (10th Cir. 2007).  In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff.  *See **Moore v. Guthrie***, 438 F.3d 1036, 1039 (10th Cir.2006).  The Court will also liberally construe the pleadings of a *pro se* plaintiff.  *See **Jackson v. Integra Inc.***, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff.  ***Hall***, 935 F.2d at 1110; *see also **Haines v. Kerner***, 404 U.S. 519, 92 S.Ct. 594 (1972).  Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  ***Hall***, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." ***Fisher v. Lynch***, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22,

2008) (citing ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." ***Fisher***, 531 F. Supp.2d at 1260 (citing ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." ***Kay v. Bemis***, 500 F.3d at 1218 (citing ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing Plaintiff's Complaint (Doc. 1) and construing

the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff brings a claim against Defendant Sprint for "negligent infliction of emotional distress." (Doc. 1.) He alleges that he

> served legal documents to Sprint requesting information for a case he had pending for a Court within the West District of Los Angeles County, California. In reply to the Court document, Sprint intentionally falsified a legal document indicating that no records were found for the telephone that our litigant had requested them to provide in his legal papers. Sprint then refuse to provide anything to Greene or the West District of Santa Monica when he requested that they provide the information. Sprint knowingly and intentionally falsified a legal document to protect a person who had damaged him and caused harm.

(Doc. 1, at 3.)

Clearly, the events at issue occurred, and/or are related to litigation, in the state of California. Plaintiff brings the claims in the District of Kansas, however, after attempting to file in California, Nevada, and Utah. (*Id.*, at 2.) He contends that he has been labeled a "vexatious litigant" and has had filing restrictions placed on him by the state and federal courts of both California and Nevada. (*Id.*, at 2.) Additional restrictions have apparently been placed on him by "the Utah Court

6

system" after he attempted to file in that jurisdiction as well. (*Id*.) Plaintiff has now chosen the District of Kansas as his fourth attempted jurisdiction. He contends that Sprint's "major headquarters is located within Johnson County" and he "has a wife that has family in Wichita, Kansas." (*Id*., at 3.)

The Court finds that Plaintiff has failed to state a claim for which relief can be granted under the facts alleged. There is no independent tort of negligent infliction of emotional distress under California law, *see* **Jackson v. Mayweather**, 10 Cal. App. 5th 1240 (March 27, 2017), and Plaintiff has not sufficiently alleged a claim for negligence. Further, any claim or controversy regarding the production of documents requested in a "case [Plaintiff] had pending for a Court within the West District of Los Angeles County, California" should be addressed and resolved with that court. Finally, Plaintiff has failed to meet the jurisdictional requirements of U.S.C.A. § 1332(a) in that the amount in controversy does not exceed the sum or value of $75,000. (*See* Doc. 1, at 4 (seeking "a demand for a judgment in the amount of $60,000.00.") The undersigned Magistrate Judge thus **recommends** to the District Court that Plaintiff's claims be **DISMISSED** in their entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for *IFP* status

(Doc. 3) is **GRANTED**.

**IT IS RECOMMENDED** to the District Court that Plaintiff's Complaint be **DISMISSED** for the failure to state a claim on which relief may be granted. The Clerk's office shall not proceed to issue summons in this case at the present time.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall be sent to Plaintiff *via* certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have **fourteen (14) days** after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 9th day of January, 2018.

 S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge