IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CEDRIC GREENE,

*Plaintiff*,

vs.

Case No. 18-1005-EFM-KGG

SPRINT NEXTEL CORP.,

*Defendant.*

**MEMORANDUM AND ORDER**

This matter is before the Court on Magistrate Judge Kenneth G. Gale's Report and Recommendation (Doc. 5) that Plaintiff's Complaint (Doc. 1) be dismissed, and Plaintiff Cedric Greene's Objections thereto (Doc. 9).  The Court overrules Plaintiff's objections, and accepts and adopts as its own the recommended decision of the Magistrate Judge.  Further, the Court imposes future filing restrictions on Greene, as set forth in this Order, based on his history of vexatious and frivolous filings in this case and others.

**I.   Legal Standard**

This Court reviews de novo any part of the Magistrate Judge's disposition to which Green has properly objected.[1]  Objections must be timely and specific.[2]  This Court "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to

---

[1] Fed. R. Civ. P. 72(b)(3).

[2] *See id.*; *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  Objections must be filed within fourteen days of the Magistrate Judge's issuance of a recommendation. Fed. R. Civ. P. 72(b)(2).  Sufficiently specific objections enable the Court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *2121 E. 30th St.*, 73 F.3d at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

the magistrate judge with instructions."[3] Because Greene appears pro se, the Court must liberally construe his pleadings.[4] Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[5]

## II.   Analysis

### A.   Greene's objections to the Magistrate Judge's Report and Recommendation

The Magistrate Judge recommended dismissal of Greene's claim for lack of subject matter jurisdiction, for failure to state a claim for which relief can be granted, and because discovery issues in a California state court case should be addressed in that court. Greene's objection requests that this Court waive the requirements for diversity jurisdiction, argues that he has stated a claim for negligent infliction of emotional distress (suggesting Kansas law may apply to his claim), incoherently discusses 28 U.S.C. § 1404(a),[6] and asserts that resolving this matter in California state court "is not an option available" to him.

"Federal courts have limited jurisdiction and must narrowly construe statutes conferring jurisdiction."[7] Here, Greene bases subject matter jurisdiction on the presence of diversity jurisdiction.[8] Although the parties appear diverse, the amount in controversy is undisputedly below the necessary threshold to confer jurisdiction under 28 U.S.C. § 1332. The Complaint identifies the amount in controversy as $60,000, and Greene admits in his objection that the

---

[3] *Id.* (citations omitted).

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Id.*

[6] Although Greene discusses 28 U.S.C. § 1404(a), he does not request relief based on § 1404(a) and does not make a coherent argument regarding its relevance to his objections. Indeed, § 1404(a) has no relevance here.

[7] *Eatinger v. BP Am. Prod. Co.*, 524 F. Supp. 2d 1342, 1345 (D. Kan. 2007).

[8] Greene's Complaint does not assert a claim that would allow the Court to exercise subject matter jurisdiction on any other basis—nor does Greene allege subject matter is proper under a theory other than diversity jurisdiction.

amount in controversy does not exceed the sum or value of $75,000. Instead, he asks the Court to waive this requirement. Because the Court cannot waive the requirements for diversity jurisdiction and no basis for exercising subject matter jurisdiction exists, Greene's claim is properly dismissed for lack of jurisdiction.[9] Accordingly, the Court overrules Greene's objections to the Magistrate Judge's Report and Recommendations, and accepts and adopts as its own the recommended decision of the Magistrate Judge.

## B.   Future filing restrictions

It is well-established that "the right of access to the courts is neither absolute nor unconditional."[10] Pro se litigants who are not deterred from frivolous filings by the threat of mounting attorney's fees can compromise the interests of justice when the Court "is forced to devote its limited resources to the processing of repetitious and frivolous requests."[11] Federal courts have inherent power to impose necessary and appropriate restrictions upon a party in aid of jurisdiction.[12] An injunction may be appropriate where the Court sets forth the litigant's abusive and lengthy history, provides the litigant with notice and an opportunity to be heard, and makes clear the requirements the plaintiff must meet in order to obtain permission to file an

---

[9] *Greene v. Sprint Nextel Corp.*, 690 F. App'x 614 (10th Cir. 2017); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (recognizing that subject matter jurisdiction "involves a court's power to hear a case" and "can never be forfeited or waived"). Because the Court lacks subject matter jurisdiction, it is unnecessary to evaluate the remaining grounds that also justify dismissal. Regardless, the Court agrees with the Magistrate Judge that California law does not recognize an independent tort of negligent infliction of emotional distress and that Greene fails to state a claim for negligence. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 863 P.2d 795, 807 (1993). And, to the extent Greene argues that his cause of action is governed by Kansas law, he has not asserted facts to meet the required elements under Kansas law, including the physical injury requirement. *Majors v. Hillebrand*, 51 Kan. App. 2d 625, 349 P.3d 1283, 1284 (2015). The Court also agrees that under the circumstances presented, the discovery dispute arising in a California state court lawsuit should be addressed in the California state court, regardless of whether that court has imposed filing restrictions on Greene.

[10] *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)).

[11] *In re Sindam*, 498 U.S. 177, 179-80 (1991).

[12] *Werner v. Utah*, 32 F.3d 1446, 1447 (10th Cir. 1994).

action.[13]  The Court evaluates five factors in determining whether to impose restrictions on a litigant's future access to the court:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.[14]

Ultimately, the Court must determine "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties."[15]

In January 2018, proceeding pro se, Greene filed five lawsuits in this district.[16]  Greene has a lengthy history of litigation in other jurisdictions, including litigation involving the same claims and against the same parties as presented in his recent filings.[17]  Three of Greene's recently filed lawsuits have already been recommended for dismissal.[18]  Greene's lack of good faith is demonstrated by the fact that he continues to pursue arguments and claims previously addressed and dismissed by other courts.  For example, Greene previously pursued the same

---

[13] *Tripati*, 878 F.2d at 353–54.

[14] *United States v. Kettler*, 934 F.2d 326 (10th Cir. 1991) (unpublished) (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

[15] *Id*. (quoting *Safir*, 792 F.2d at 24).

[16] In addition to this case, Plaintiff has filed lawsuits against the Housing Authority of the City of Los Angeles (Case No. 18-1009), Greyhound Lines, Inc. (Case No. 18-1014), Terri Harris and Vicki Broach (Case No. 18-1026), and Floritta Gray (Case No. 18-1027).

[17] *See, e.g.*, *Sprint Nextel Corp.*, 690 F. App'x 614 (affirming dismissal of the claims Greene pursues here); *Greene v. Harris et al.*, 2017 WL 7355302 (D. Utah 2017) (dismissing claims pursued against Terri Harris and Vicki Broach); *Greene v. Gray*, 2017 WL 3705075 (D. Utah 2017) (dismissing claim, identifying Greene as "a vexatious litigant" and imposing filing restrictions); *Greene v. Hous. Auth. of the City of Los Angeles*, 690 F. App'x 617 (10th Cir. 2017) (affirming dismissal of claims); *Greene v. Greyhound Lines, Inc.*, 2015 WL 3559182 (D. Nev. 2015) (dismissing claims with prejudice).  The Court notes that courts in California, Nevada, and Utah have also imposed filing restrictions on Greene.

[18] Case Nos. 18-1005, 18-1009, & 18-1014.  The assigned Magistrate Judges have not yet issued orders in the lawsuits commenced on January 30 and 31 regarding Greene's motions for leave to proceed *in forma pauperis*.

claim alleged here against Sprint in the District of Utah and previously unsuccessfully requested that the amount in controversy requirement be waived. The Tenth Circuit affirmed the district court's dismissal, specifically informing Greene that parties "cannot waive or forfeit a lack of subject-matter jurisdiction."[19] Despite this clear directive, Green again asked this Court to waive the amount in controversy requirement for diversity jurisdiction. Greene's actions have imposed and will likely continue to impose needless expense and burden on other parties, as well as on the judicial system.

The Court finds that Greene is likely to continue to abuse the judicial process, and the enumerated factors strongly weigh in favor of imposing filing restrictions. Accordingly, the Court finds it necessary to impose filing restrictions to deter future frivolous motions and to protect the Court and future defendants from needless time and expense. Thus, Greene will be required to obtain leave of Court to submit future filings in any existing cases currently pending in the U.S. District Court for the District of Kansas, or to initiate a civil action in the U.S. District Court for the District of Kansas without the representation of an attorney licensed to practice in the State of Kansas and admitted to practice before this Court.

Because the Court imposes these restrictions *sua sponte*, Greene will be allowed an opportunity to file objections to the restrictions.

**IT IS THEREFORE ORDERED** that Greene's objections to dismissal (Doc. 9) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court accepts and adopts as its own the recommended decision of the Magistrate Judge in the Report and Recommendation (Doc. 5), and therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's Complaint is **DISMISSED**.

---

[19] *Sprint Nextel Corp.*, 690 F. App'x at 615.

**IT IS FURTHER ORDERED** that before Greene may submit future filings in existing cases or initiate a civil action in the U.S. District Court for the District of Kansas, Greene must comply with the future filing restrictions set forth in detail below.

1. With the exception of a proper motion for relief from an Order under Fed. R. Civ. P. 60, or an objection to this Order, the Clerk shall not accept or file any pro se submissions, filings, pleadings, or other documents by Greene or on his behalf, regardless of the payment of a filing fee, without the express authorization of a judge of this Court.

2. Except in compliance with this Order, the Clerk shall not accept any pleading from Greene which purports to initiate a civil action. If Greene, proceeding pro se, desires to file a new lawsuit in the District of Kansas, he shall file a petition with the Clerk requesting leave to file a complaint or other pleading that includes:

    A. A copy of this Order and any subsequent Order;

    B. A copy of the proposed complaint or pleading;

    C. A list of all other lawsuits or other matters currently pending or previously filed with this Court or any other court, involving the same or similar claims or parties, including the case name and number of each case, and the current status or disposition of each case;

    D. A notarized affidavit certifying:

        (1) The claims have not been previously asserted and/or do not involve issues previously litigated and resolved; and

        (2) that the claims are not frivolous, malicious, or made in bad faith.

3. Greene shall mail or otherwise deliver his submissions to the Clerk of the Court, who shall forward them to a judge of this Court for determination whether the complaint or pleading is lacking in merit, duplicative, frivolous, or malicious. The Court will either allow the filing or issue an Order denying it. Failure to follow these procedures will result in rejection of any future case Greene attempts to file in this Court.

Plaintiff may file objections in writing to the Court's Order issuing the above filing restrictions by no later than 14 days after receipt of this Order. If Plaintiff files no objections, the restrictions will be effective without further order of the Court.

**IT IS SO ORDERED**.

Dated this 14th day of February, 2018, in Wichita, Kansas.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE